**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS BARRAGAN LEON,

Defendant - Appellant.

No. 23-1025

D.C. No.
3:22-cr-02191-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted February 4, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Carlos Barragan Leon appeals his conviction and sentence for two counts of

knowing importation of a Schedule II controlled substance in violation of 21

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We affirm in part, and reverse and remand in part.

1.      Leon contends that the district court erred by admitting the expert testimony of a Spanish-English translator without making a specific reliability finding as to the expert's ability to "unscramble" recovered WhatsApp messages between Leon and "Ivan," the owner of the vehicle Leon was driving when he was stopped at the border.  Because Leon did not object below, we review his claim for plain error and will reverse only if there is "(1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015) (internal quotation marks and citation omitted).

The district court did not plainly err in admitting the expert testimony.  "The inquiry envisioned by Rule 702 is . . . a flexible one," *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594 (1993), and district courts have broad latitude in determining both how to assess an expert's reliability and whether an expert's testimony is reliable, *see United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1269 (9th Cir. 2024).  Here, in a finding supported by the expert's recounting of her extensive qualifications as a translator, including her ability to rearrange the order of the words in, i.e. "unscramble," the text messages, the district court reasonably concluded that it would be "both relevant and *reliable* for the jury to hear [her testimony]."

2. The district court erred, however, by failing to orally pronounce the standard conditions of supervision at Leon's sentencing. The parties agree that a limited remand is appropriate in light of *United States v. Montoya*, which held that "a district court must orally pronounce all discretionary conditions of supervised release in the presence of the defendant." 82 F.4th 640, 652 (9th Cir. 2023) (en banc). We agree that a limited remand is warranted, and thus "vacate only the conditions of [Leon's] supervised release that were referred to as the 'standard conditions' in the written sentence but were not orally pronounced" at sentencing. *Montoya*, 82 F.4th at 656. On remand, the district court should orally pronounce "any of the standard conditions of supervised release that it chooses to impose," so that Leon may object to them if he chooses. *Id.*

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**